UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| GEORGE T. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-338 |
| | ) | |
| NAVY FEDERAL CREDIT UNION, and JOHN COLLINS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

The Court previously directed *pro se* Plaintiff George T. Jones to show cause why his claims against John Collins should not be dismissed for his failure to timely serve Defendant Collins. *See* doc. 25 at 5-7. Plaintiff responded. *See* doc. 26. The content of his response is discussed more fully below. However, his response does not address his failure to serve Collins at all. *See generally id.*; *see also* doc. 26-1. The fact that his response lists only Defendant Navy Federal Credit Union ("Navy Federal") might suggest that he concedes that Defendant Collins is not a proper party to this case. *See id.* at 1. Regardless, Jones' failure to proffer any reason for his failure to timely serve Collins merits dismissal. Navy Federal has also moved to dismiss Jones' claims against it. *See* doc. 10.

1

Jones has responded. *See* doc. 11; *see also* doc. 16 at 1. For the reasons explained below, that Motion should be **GRANTED**, doc. 10, and this case **DISMISSED** in its entirety.

Rule 4(m) requires the Court to dismiss a case for failure to timely serve unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). To the extent that the Court might infer that Jones was confused about whether service upon Navy Federal constituted service upon Collins, *see* doc. 23 at 2,[1] confusion concerning his obligation to effect service is not "good cause" to extend the deadline under Rule 4(m). *See, e.g., Moon v.*

---

[1] Although Jones did not respond to the Court's Order to show cause, he previously indicated his belief that "if [Navy Federal] had received service, it logically follows that the CFO, John Collins, should have been served simultaneously." Doc. 23 at 2. As a separate defendant, Collins had to either waive service on his own behalf or be personally served with a summons and copy of the Complaint. *See* Fed. R. Civ. P. 4(a)(1)(B), (c), (d). There is no record that any summons directed to Collins was ever issued. *See generally* docket. Jones' assertion that he attempted to serve Collins on April 12, 2024—even if there were evidence of such service, which there is not—would not have been timely. *See* doc. 23 at 2. Even if the Court assumed that the date Jones paid his filing fee were the relevant commencement of the Rule 4(m) deadline, *see* doc. 25 at 6 n. 2, he paid the fee on January 12, 2024. *See* docket entry dated Jan. 12, 2024. The ninetieth day was, therefore, April 11, 2024.

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also, e.g., Grant-Hamm-Gray v. Internal Revenue Service*, 2018 WL 11446860, at *4 (N.D. Ga. Nov. 13, 2018) ("Plaintiff's lack of knowledge regarding the proper methods for service does not constitute good cause for her failure to timely serve Defendants," and collecting cases); *Daker v. Donald*, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008) ("[V]irtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)[ ]"). The Court cannot, therefore, find that Jones has shown "good cause" for his failure to timely serve Collins.

Even in the absence of good cause, however, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. *Lepone-Dempsey*, relying upon the Advisory Committee's note to Rule 4(m), identified a non-exhaustive list of circumstances that might warrant extension in the absence of good cause. *Id.* ("Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example,

3

if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"). Since, as discussed below, the claims asserted in the Complaint fail as a matter of law, there is no discernable "other circumstance" that would warrant an extension of time to serve those claims on Collins. Jones' claims against Collins should, therefore, be **DISMISSED**.

Jones' Complaint is presented on a standard form for breach of contract claims. *See* doc. 1 at 1. It also implies that the claim is "[b]ased on Federal Reserve Sec. 29(d) . . . ." *Id.* at 4. The factual allegations state, unedited and in their entirety: "The Defendant failed to disclose information that would have influenced my decision on entering the agreement with the defendant. Also the defendant misused my confidential information for self-dealing." *Id.* Subsequently, Jones appears to have modified his claim to be, or to include in the alternative, a claim that Defendant violated the Equal Credit Opportunity Act. *See* doc. 11 at 2. That claim appears predicated upon Jones' contention that "[t]he Defendant's denial of the Plaintiff's access to credit based on an allegedly undesirable 'credit score' constitutes discriminatory behavior,

as evidenced by the Plaintiff's hypothetical scenario where a high credit score would result in access to credit." *Id.* at 3.

Navy Federal argues, first, that this Court lacks subject matter jurisdiction because Jones' theory of damages is legally meritless. *See* doc. 10-1 at 4-6. Because that theory is meritless, Jones cannot establish the minimum amount in controversy to support this Court's diversity jurisdiction. *Id.* Alternatively, Defendant argues that the Complaint fails to state any claim upon which relief can be granted. *See id.* at 8-13. Defendant does not address the asserted Equal Credit Opportunity Act claim, asserted for the first time in Jones' response to its Motion. *See generally id.*

Jones' claims are frivolous and, therefore, likely subject to dismissal on any number of grounds. First, the Court must address Jones' Equal Opportunity to Credit Act claim.[2] As discussed above, there is no basis to infer that such a claim was asserted, even implicitly, in Jones' original Complaint. *See, e.g., Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (even the leniency afforded to *pro se* pleadings "does

---

[2] The status of that claim takes conceptual priority because, as it arises under a federal statute, it might affect Navy Federal's jurisdictional argument. *Cf.* 28 U.S.C. § 1331.

not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). The Court might, perhaps stretching the limits of liberal construction to the breaking point, construe Jones' assertion of a novel claim as an implicit request to amend his pleading. *But see Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss."); *Kicklighter v. Adams*, 2024 WL 586481, at *4 n. 2 (S.D. Ga. Feb. 13, 2024) (Plaintiffs asserted allegations in response to a motion to dismiss, but, because they did not move to amend their Complaint, the allegations were not properly before the Court). So construed, he would require consent or the Court's leave to amend. *See* Fed. R. Civ. P. 15(a)(2).[3]

---

[3] The Court could not construe Jones' assertion as an amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Although he filed the response in which the claim is first asserted within twenty-one days of service of Defendant's Motion to Dismiss, *compare* doc. 10 (filed March 18, 2024), *with* doc. 11 (filed March 21, 2024), more than twenty-one days had elapsed since Navy Federal waived service, *see* doc. 8 (filed Feb. 8, 2024). *See* Fed. R. Civ. P. 4(d)(4) (when a waiver is filed "these rules apply as if a summons and complaint had been served at the time of filing the waiver."), 15(a)(1) (permitting amendment as a matter of course withing twenty-one days of service or service of a responsive pleading, "whichever is earlier."); *see also, e.g., Holmes v. Baxter*, 2023 WL 3099886, at *1 (S.D. Ga. Apr. 26, 2023) (citing *Cunningham v. Fulton Cnty.*, 2017 WL 11585627, at *1 (N.D. Ga. Mar. 17, 2017) (finding that a complaint "is deemed served on the date that the waivers,[ pursuant to Fed. R. Civ. P. 4(d)(4),] were filed . . . ."). Jones' assertion of the additional claim cannot, therefore, be construed as an amendment as a matter of course.

Leave to amend is properly denied when, among other reasons, the amendment is futile. *See, e.g., L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Although a district court should freely give leave to amend when justice so requires, [cit.], it may deny leave, *sua sponte* or on motion, if amendment would be futile." (internal quotation marks, alteration, and citations omitted)). The Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, prohibits discrimination in credit transactions on several enumerated bases. *See* 15 U.S.C. § 1691(a). They do not include, nor could they plausibly include, discrimination "based on an allegedly undesirable 'credit score.'" Doc. 11 at 3. Since Jones' Equal Credit Opportunity Act claim is subject to dismissal, any request to amend his Complaint to add it, even ignoring the procedural impropriety, would be futile. Accordingly, the Court may disregard Jones' purported Equal Credit Opportunity Act claim, either because it is procedurally improper or substantively meritless, in considering Navy Federal's Motion to Dismiss.

This Court's subject matter jurisdiction over Jones' claims is a threshold issue. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be

established as a threshold matter . . . is inflexible and without exception." (internal quotation marks and citation omitted)). Subject matter jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted). In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Typically, the Court will accept a damage claim offered by a party in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the

federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

Jones' Complaint complicates the jurisdictional question because he invokes a federal regulation in alleging his damages. *See* doc. 1 at 4. Specifically, he asserts that Navy Federal, "[a]s Creditor of the contract, based on Federal Reserve Sec. 29(d), . . . knowingly breached fiduciary duty for more than 15 business days resulting in a civil penalty of $1,000,000 for each day during which the breach continues." *Id.* As Navy Federal points out, doc. 10-1 at 5-6, "the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act," *Harp v. Police & Fire Federal Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023). Given the lack of a private right of action, courts have found that Section 29 does not support federal question jurisdiction. *See, e.g., White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (holding Section 29 "do[es] not provide [Plaintiff] with a federal cause of action and consequently do[es] not invoke this Court's federal question

jurisdiction."). Moreover, as Navy Federal points out, because Jones' theory of damages is meritless, he has failed to plead that his alleged damages exceed § 1332's threshold, precluding diversity jurisdiction. *See* doc. 10-1 at 6. *Cf. Smith v. Osvaldik*, 2024 WL 733227, at *3 (E.D. Cal. Feb. 22, 2024) (finding assertion of damages claim based on Section 29 of the Federal Reserve Act "facially fails to meet the $75,000 threshold to establish jurisdiction under § 1332."); *Thomas v. Capital One*, 2024 WL 477027, at *9 n. 9 (S.D. Ala. Jan. 10, 2024) (noting that meritless assertion of damages based on Section 29 of the Federal Reserve Act "cannot establish the requisite amount in controversy," to establish diversity jurisdiction). Given the frivolity of Jones' invocation of Section 29, any plausible assertion that this Court has subject matter jurisdiction over his claims evaporates. Navy Federal's Motion to Dismiss, under Federal Rule 12(b)(1), should, therefore, be **GRANTED**. Doc. 10, in part.

While *pro se* parties are generally entitled to at least one opportunity to amend a complaint to correct defects, such an opportunity is not required when amendment would be futile. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). "Leave to amend a complaint is futile when the complaint as amended would still

be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) (internal quotation marks omitted). As Defendant points out, the Complaint fails to allege any factual basis for a breach of contract claim under Georgia law. *See* doc. 10-1 at 7-13. None of the documents Jones has filed in this case meaningfully dispute those arguments; instead, he reasserts frivolous claims under federal banking and finance laws. *See, e.g.,* doc. 17 at 5-7; doc. 18 at 5-6. Although many of Jones' submissions are sufficiently vague that they do not absolutely preclude the possibility of viable amendment, his most recent filing exposes the utter frivolity of his claims.

Jones' most recent filing begins by invoking the Cestui Que Vie Act of 1666 and proceeds to assert his breach of contract claim as "George Jones, . . . [a]s Board Member, Agent, and Beneficiary of the estate of GEORGE JONES . . . ." Doc. 26 at 1. He contends that "submitting an application for the issuance of Federal Reserve notes . . . designates [him] as the creditor under 15 USC 1602." *Id.* Navy Federal, "accepted and processed the application, conducting a hard credit inquiry . . . , thereby assuming the role of borrower with the responsibility to provide security

and pay interest as outlined in 12 USC 1431." *Id.* He also claims that acceptance of his credit application rendered Navy Federal Jones' "fiduciary, entrusted with managing [his] assets for [his] benefit." *Id.* To the extent that Jones' earlier pleadings might have left some room for doubt, his most recent assertions clarify their frivolity.

Jones' most recent filing makes clear that his claims are based upon utterly frivolous "sovereign citizen" theories. The United States Court of Federal Claims has explained that "[s]overeign citizens . . . sometimes reference the Cestui Que Vie Act of 1666 . . . ." in seeking relief under "the sovereign citizen redemption theory," which refers to the belief "that when the government began issuing legal tender in 1933, all Citizens were pledged as collateral for the national debt resulting from the loss of value from the gold standard." *Wood v. United States*, 161 Fed. Cl. 30, 34 (2022) (internal quotation marks and citations omitted).  Under the theory, "[a]ll Sovereign Citizens therefore have two identities: a real 'private' individual and a fictional 'public' person. Refusing to be used as collateral can hypothetically result in access to a trust fund held in the fictional person's name at the U.S. Treasury." *Id.* Such theories also frequently invoke "a distinction between their names written in all

capital letters and the same names written with just the initial letters capitalized." *Id.* While Jones' conception of precisely how he is entitled to relief under the theories invoked remains obscure, the character of those theories is clear.

"Sovereign citizen" theories have been consistently rejected by the federal courts as utterly frivolous, regardless of how the litigants portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted)); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii July 2, 2015). This Court has recognized that such claims are properly dismissed as frivolous. *See, e.g., Owens v. Wilcher*, 2022 WL 2440808, at *2 (S.D. Ga. July 5, 2022); *Williams v. Deal*, 2018 WL

13

5624309, at *1 (S.D. Ga. Oct. 19, 2018) ("To call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless . . . ."). Given that Jones' claims clearly depend upon frivolous "sovereign citizen" theories, any opportunity to amend his pleadings would be futile.

In summary, Jones' claims against Defendant John Collins should be **DISMISSED**, pursuant to Federal Rule 4(m), because he failed to timely serve Collins. Defendant Navy Federal's Motion to Dismiss should be **GRANTED**, in part, to the extent that it asserts that this Court lacks subject matter jurisdiction. Doc. 10. Jones' Complaint should, therefore, be **DISMISSED** in its entirety. Doc. 1.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA