UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GEORGE T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-338 |
| | ) |
| NAVY FEDERAL CREDIT | ) |
| UNION, and JOHN COLLINS, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff George T. Jones filed this case against Defendants Navy Federal Credit Union ("Navy Federal") and one of its officers, Defendant John Collins, alleging defects in a consumer credit transaction. (Doc. no. 27 at 4-5.) After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 27), to which Plaintiff has filed an Objection, (doc. no. 28). For the reasons explained below, Jones' objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge first noted that Plaintiff had failed to serve Defendant Collins within the ninety-day deadline prescribed by the Federal Rules of Civil Procedure. (Doc. no. 27 at 1-4): see also Fed. R. Civ. P. 4(m). Jones' Objection asserts that "both Defendants were served with a copy of the claim, along with a Waiver of Summons and a Durable Power of Attorney which was acknowledged as received and signed for on January 18,

2024 . . . ." (Doc. no. 28 at 1.) As the Magistrate Judge noted, Jones is simply confused about the requirements for effective service upon a party. (Doc. no. 27 at 2, 2 n. 1.)

As Jones correctly notes, and as his attached exhibits confirm, what he sent to Defendants was a request that they waive service, pursuant to Federal Rule 4(d). (See doc. no. 28 at 1, 5, 8.) Defendant Navy Federal agreed to waive service. (See id. at 9; see also doc. no. 8.) There is no indication on the docket or in any of Jones' filings that Defendant Collins waived service. In the absence of a waiver, personal service on a defendant requires that they be served with a copy of the complaint and a summons. Fed. R. Civ. P. 4(c)(1). The summons must, among other requirements, be signed by the clerk. Fed. R. Civ. P. 4(a)(1)(F). There is no indication from the docket that Jones ever presented a summons to the Clerk, much less that one was ever issued. Cf. Fed. R. Civ. P. 4(b). It is, therefore, impossible that Defendant Collins was effectively served.[1] Jones' objection is meritless.

The Magistrate Judge recognized that a plaintiff's failure to timely serve a defendant may be excused by a showing of "good cause." (Doc. no. 27 at 2.) The Magistrate Judge correctly recognized that Jones has not shown good cause to excuse his failure to serve Collins timely. (Id. at 2-3.) As the Magistrate Judge recognized, however, even in the absence of good cause, the Court must consider whether any other

---

[1] Even if the documents that Jones mailed, or sent via a commercial carrier, (see doc. 28 at 11), had included a summons, the Federal Rules do not permit service upon an individual defendant by mail. See Fed. R. Civ. P. 4(e). See, e.g., Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (pointing to "numerous decisions holding that certified mail is not an appropriate method to effect service under Rule 4."); see also, e.g., Watson v. New York, No. 22-CV-9613(KMK), 2023 WL 6200979, at *5 (S.D.N.Y. Sept. 22, 2023) (". . . Plaintiff appears to have attempted to serve [Defendant] by UPS Shipping Service, which is not allowed under the Federal Rules."). Moreover, even assuming that the materials Jones has submitted showed that Collins had actual notice of the suit, which they do not, the Eleventh Circuit has expressly held that "[a] defendant's actual notice [of a suit] is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). The entire record, therefore, consistently indicates that Collins was not properly served.

circumstances warrant an extension of the service deadline. (Id. at 3 (citing Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)).) As the Magistrate Judge explained, because the substantive defects in Jones' claims against Defendant Navy Federal would be equally fatal to the extent those claims are asserted against Defendant Collins, "there is no discernable 'other circumstance' that would warrant an extension of time to serve those claims on Collins." (Id. at 4.)

The Magistrate Judge noted that the exact nature of Jones' claims is somewhat ambiguous. (Doc. no. 27 at 5-11.) The Magistrate Judge first explained that Jones' apparent assertion of a claim under the Equal Opportunity to Credit Act, 15 U.S.C. § 1692, et seq., was not properly before the Court. (Id. at 5-7.) Although Jones appears to reassert such claims in his Objection, he does not address the Magistrate Judge's analysis. (See doc. 28 at 2-3.) Moreover, to the extent that he provides additional or alternative theories for recovery under the Act, (see, e.g., id. (asserting that his Social Security Card constitutes a "credit card" under the Act and that denying him credit constituted "discrimination")), they do not alter the Magistrate Judge's conclusion that any amendment of Jones' pleading to assert such a claim would be futile, (see doc. no. 27 at 7-8). Jones' claims under the Equal Opportunity to Credit Act are, therefore, not properly before the Court.

Finally, the Magistrate Judge concluded that Navy Federal's Motion to Dismiss should be granted, to the extent that it asserted that this Court lacks subject matter jurisdiction over Jones' contractual claims. (Doc. no. 27 at 7-10.) Although Jones' Objection reasserts his claim that his damages may be calculated based on the civil penalty provided under federal financial regulations, (doc. no. 28 at 2), he does not address the Magistrate Judge's recognition that such penalties can not be enforced by

private parties, (doc. no. 27 at 9-10). The Court concurs with the Magistrate Judge's analysis that Jones' haphazard implication of federal law is insufficient to establish this Court's subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332. (See doc no. 27 at 9-10 (citing, inter alia., Smith v. Osvaldik, No. 1:23-cv-01488-HBK, 2024 WL 733227, at *3 (E.D. Cal. Feb. 22, 2024), adopted 2024 WL 1160680 (E.D. Cal. Mar. 18, 2024); White v. Lake Union Partners LLC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023)).) The Court, therefore, agrees with the Magistrate Judge's conclusion that Plaintiff has failed to establish any basis for this Court's subject matter jurisdiction over his claims. (Doc. no. 27 at 10.)

Accordingly, after a careful de novo review, the Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. no. 27.) Jones' Objection is **OVERRULED**. (Doc. no. 28.) Jones' claims against Defendant John Collins are **DISMISSED**, pursuant to Federal Rule of Civil Procedure 4(m). Defendant Navy Federal Credit Union's Motion to Dismiss is **GRANTED**. (Doc. no. 10.) Jones' Complaint is **DISMISSED**. (Doc. no. 1.) The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA